UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MONTEZ ARTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    1:24-cv-01502-CRL |
| | ) |
| GINGER DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff proceeds pro se from his incarceration in Pinckneyville Correctional Center, seeking to pursue claims arising while Plaintiff was in prison at Pontiac Correctional Center, Pontiac, Illinois.

## I.    PROCEDURAL POSTURE AND PRELIMINARY MATTERS

The case is before the Court for a merit review of Plaintiff's Complaint. The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

## II.    ALLEGATIONS

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff seeks to sue Healthcare Unit Administrator Ginger Davis, Director of Nursing Nikki Rambo, Nurse Practitioner Sharonda Phillips, Nurse Practitioner Cheryl Hansen, and former Pontiac Medical Director Andrew Tilden. Plaintiff seeks compensatory damages and punitive damages.

On January 15, 2023, Plaintiff began experiencing diarrhea, stomach cramps, green stool, gassy discharge, sleep deprivation, bloody stool, fear, depression, and mental anguish. The next day, he requested sick call. He was seen the next day on January 17, by a nurse. Plaintiff has a history of h. pylori, a bacterial stomach infection. He asked the nurse to test for h. pylori, and if positive to receive antibiotics. The nurse did not examine Plaintiff's stomach. She ordered five days of prednisone and bismuth which Plaintiff received a week after his visit. That same day, January 17, Plaintiff filed an emergency grievance regarding his illness and unsanitary conditions of confinement.

On January 20, 2023, Plaintiff wrote and sent a certified letter to Defendant Tilden, Pontiac's Medical Director, regarding his illness, requesting to be tested and treated. Tilden received the letter, but Plaintiff did not receive a response. On January 28, 2023, Plaintiff wrote another emergency grievance regarding his illness, asking to be tested and treated for h. pylori. On February 1, 2023, Plaintiff wrote and sent a certified letter to Nurse Practitioner Defendant Cheryl Hansen, requesting testing and treatment for h. pylori. Hansen "turned a blind eye to Plaintiff's unnecessarily prolonged pain and suffering." (Doc. 1 at 9.) On February 5, 2023, Plaintiff filed a third emergency grievance complaining that Tilden and Hansen refused to test and treat his h. pylori disease. After

numerous sick call requests, Plaintiff was seen on February 7, 2023, and denied an h. pylori test, pain medication, and treatment.

On February 22 and 26, 2023, Plaintiff filed his fourth and fifth grievances, respectively, complaining about IDOC and Wexford medical staff refusing to treat him for his illnesses.

On April 4, 2023, Plaintiff wrote and sent certified letters to Health Care Administrator Defendant Ginger Davis and to Director of Nursing Defendant Nikki Rambo, begging to be tested and treated for h. pylori. Plaintiff's stomach pain grew worse, and he feared dying or being cancer-stricken.

On April 27 and May 4, 2023, Plaintiff spoke to Rambo about her receiving his certified letter and why he had not been tested for h. pylori disease and treated. Rambo stated, "you would not be treated because both nurse practitioners were off this week." Doc. 1 at 10.

On May 9, 2023, Plaintiff filed his sixth grievance to Warden Mindi Nurse complaining about blood in his stool, gassy and bloody discharge, excruciating stomach cramps, diarrhea, depression, fear of cancer, death, sleep deprivation, and mental anguish. On May 15, 2023, Plaintiff filed his seventh emergency grievance about his illness and his need to be treated.

On May 18, 2023, Plaintiff was unable to move due to extreme stomach pain. A Correctional Officer notified the nursing staff of Plaintiff's severe pain and Plaintiff was taken to the Health Care Unit to see Dr. Alford. Dr. Alford examined Plaintiff and stated that Plaintiff had all the symptoms of h. pylori disease, and that he didn't know why it

had taken so long for Plaintiff to be tested and treated for the same. Alford placed Plaintiff on a two-week cycle of antibiotics which began to work immediately. Plaintiff's stomach pain subsided the next day and he was able to move, and within ten days Plaintiff was completely healed.

### III.  ANALYSIS

Plaintiff states an Eighth Amendment claim against Defendants Davis, Rambo, Hansen, and Tilden. He adequately alleges that each of these Defendants knowingly denied him necessary medical care and/or turned a blind eye knowing of his situation and having the ability and responsibility to take action, and that the delay in treatment caused him to suffer significant unnecessary pain. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff also pursues an Illinois law claim for intentional infliction of emotional distress. To succeed on this claim Plaintiff must prove 1) extreme and outrageous conduct by the defendant, 2) either intent to cause distress or knowledge that there was a high probability that the defendant's conduct would cause severe emotional distress, and 3) severe emotional distress that actually resulted. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003). Plaintiff's allegations are adequate at the pleadings stage to proceed on this claim. *See Dixon v. Cnty. of Cook*, 819 F.3d 343, 351 (7th Cir. 2016).

Plaintiff's Complaint does not plausibly state a claim against Defendant Sharonda Phillips. He does not allege any action or inaction by Ms. Phillips. Claims against Phillips are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. Upon merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states Eighth Amendment and Illinois intentional infliction of emotional distress claims against Defendants Davis, Rambo, Hansen, and Tilden. Plaintiff does not state a claim against Defendant Phillips who is to be terminated as a Defendant. Any other claims and Defendants shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant(s) before filing any motions, to give notice to said Defendant and an opportunity to respond to any motions. Motions filed before counsel has filed an appearance on behalf of Defendant will be denied as premature. Plaintiff need not submit any evidence to the Court now, unless otherwise directed by the Court.

3. The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from the date the waiver is sent to file an answer. If Defendant has not answered or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. For a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address will provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information will be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. This district uses electronic filing, so, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff. Plaintiff need not mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. But this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

6. **Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.**

7. **Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

8. **If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require said Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

9. **The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

10. **The Clerk is directed to attempt service on Defendant under the standard procedures.**

Entered this 3rd day of September, 2025.

*s/Colleen R. Lawless*
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
